J-S17006-25 & J-S17007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SELASSI JONES | : | |
| | : | |
| Appellant | : | No. 982 EDA 2024 |

Appeal from the PCRA Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal
Division at No(s): CP-51-CR-0002220-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SELASSI JONES | : | |
| | : | No. 983 EDA 2024 |
| Appellant | | |

Appeal from the PCRA Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal
Division at No(s): CP-51-CR-0002221-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SELASSI JONES | : | |
| | : | No. 984 EDA 2024 |
| Appellant | | |

Appeal from the PCRA Order Entered January 6, 2023
In the Court of Common Pleas of Philadelphia County Criminal
Division at No(s): CP-51-CR-0002222-2019

BEFORE: MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY MURRAY, J.: **FILED JUNE 20, 2025**

In these consolidated appeals, Selassi Jones (Appellant) appeals, *nunc pro tunc*, from the order dismissing his first petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Additionally, Appellant's counsel, Michael I. McDermott, Esquire (Attorney McDermott), has filed a motion to withdraw as counsel and accompanying brief in accordance with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).[1] We remand for further proceedings.

On July 29, 2019, Appellant entered an open guilty plea at all three docket numbers.[2] At No. 2220-2019, Appellant pled guilty to one count of

---

[1] Because the instant cases are *nunc pro tunc* appeals from the PCRA court's dismissal order, Attorney McDermott was required to file a **Turner**/**Finley** no-merit letter to accompany his motion to withdraw. **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). However, "[b]ecause an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

[2] Appellant was represented by Douglas Dolfman, Esquire (Attorney Dolfman), through his guilty plea and sentencing proceedings.

indecent assault – without complainant's consent.[3]  At No. 2221-2019, Appellant pled guilty to one count of indecent assault by forcible compulsion.[4]  Finally, at No. 2222-2019, Appellant pled guilty to one count of indecent assault by forcible compulsion.  On November 22, 2019, the trial court sentenced Appellant to an aggregate 2½ to 5 years in prison, followed by 2 years' probation.  The court also notified Appellant of his 25-year sexual offender registration and notification requirements as a Tier II offender under the Sexual Offender Registration and Notification Act.  **See** 42 Pa.C.S.A. §§ 9799.14(c)(1.3), 9799.15(a)(2).  Appellant did not file a direct appeal.

On May 5, 2020, Appellant, *pro se*, filed a timely PCRA petition at all three dockets.[5]  Appellant argued that police obtained video surveillance from Philadelphia's Center City, where the assaults occurred.  **See** First PCRA Petition, 5/5/20, at 3 (unnumbered).  According to Appellant, however, Attorney Dolfman and the prosecutor "colluded" to deny the existence of any surveillance video.  ***See id.*** at 3-5 (unnumbered).  Relatedly, Appellant

_____

[3] 18 Pa.C.S.A. § 3126(a)(1).

[4] 18 Pa.C.S.A. § 3126(a)(2).

[5] Appellant titled his filing a "Motion to Open, and Vacate Order/Sentence Pursuant to 42 Pa.C.S.A. § 5505 and to Proceed *Pro Se*."  The PCRA court properly addressed Appellant's *pro se* filing as a PCRA petition.  **See** ***Commonwealth v. Fantauzzi***, 275 A.3d 986, 995 (Pa. Super. 2022) ("[R]egardless of how a petition is titled, courts are to treat a petition filed after a judgment of sentence becomes final as a PCRA petition if it requests relief contemplated by the PCRA.").

- 3 -

asserted Attorney Dolfman improperly pressured Appellant to plead guilty by misrepresenting the sentence Appellant would receive. *See id.* at 5-7 (unnumbered). Appellant also stated his desire to proceed *pro se*. *See id.* at 9 (unnumbered).

The PCRA court appointed Jules N. Szanto, Esquire (Attorney Szanto), as Appellant's PCRA counsel. Attorney Szanto subsequently requested permission to withdraw from representation pursuant to *Turner*/*Finley*. On January 28, 2021, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing. Appellant filed a *pro se* response. On March 11, 2021, the PCRA court dismissed Appellant's first PCRA petition. On the same date, the PCRA court granted Attorney Szanto permission to withdraw from representation.

On September 8, 2021, Appellant filed a *pro se* notice of appeal. Though the appeal was facially untimely, Appellant claimed he had not received notice of the PCRA court's dismissal order.[6] On appeal, this Court concluded the PCRA court's March 11, 2021, dismissal order was not properly entered on the docket and served on Appellant in accordance with Pa.R.Crim.P. 114(C)(2)

---

[6] Approximately one week prior to filing a notice of appeal, Appellant filed a second *pro se* PCRA petition. *See* Second PCRA Petition, 9/1/21. The PCRA court dismissed Appellant's second petition in light of his appeal.

and 907(4).[7] *See Commonwealth v. Jones*, 290 A.3d 704, 1889, 1890, and 1891 EDA 2021 (Pa. Super. 2022) (unpublished judgment order). Accordingly, on December 28, 2022, this Court quashed the appeal and directed the clerk of courts to serve Appellant with the PCRA court's dismissal order and note such service on the docket. *See id.*

Thereafter, on January 6, 2023, the clerk of courts re-entered the PCRA court's dismissal order on the dockets. The dockets also reflect service to Appellant via certified mail. Appellant did not file an appeal following the re-entry of the dismissal order on the docket.

Appellant filed a third *pro se* PCRA petition at all three dockets on January 10, 2023, advancing the same arguments he included in his first PCRA petition. *See generally* Third PCRA Petition, 1/10/23. In its letter brief, the Commonwealth stated it would not oppose reinstatement of Appellant's appellate, *nunc pro tunc*. *See* Letter Brief, 1/4/24, at 1-4. The Commonwealth emphasized that the dismissal order, when it was refiled, "mistakenly stated that [Appellant] had 30 days from the original dismissal

---

[7] Pennsylvania Rule of Criminal Procedure 114(C)(2) provides that an order is properly entered on the docket by indication thereon of "(a) the date of receipt in the clerk's office of the order or court notice; (b) the date appearing on the order or court notice; and (c) the date of service of the order or court notice." Pa.R.Crim.P. 114(C)(2). Rule 907(4) requires the PCRA court, upon entry of an order dismissing a PCRA petition without a hearing, to "advise the defendant by certified mail, return receipt requested, of the right to appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114." Pa.R.Crim.P. 907(4).

order filing date of March 11, 2021[,] to appeal the dismissal—a date which had long since passed—rather than 30 days from the January 6, 2023[,] refiling of the dismissal order…." *Id.* at 4. By an order entered on March 8, 2024, the PCRA court reinstated Appellant's direct appeal rights, *nunc pro tunc*, from the January 6, 2023, order dismissing his first PCRA petition. The court's order provided that court-appointed counsel would be available to assist Appellant with his appeal. Attorney McDermott filed his appearance on Appellant's behalf on March 14, 2024.

Appellant, with the assistance of Attorney McDermott, filed a timely notice of appeal.[8] On March 28, 2024, the PCRA court ordered Appellant to

_____

[8] On May 17, 2024, this Court issued a show-cause order, at all three docket numbers, noting that Appellant's single notice of appeal listing three docket numbers did not comply with **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when a single order resolves issues arising on more than one lower court docket), and directing Appellant to file amended notices of appeal within 14 days. **See** Order, 5/17/24; **see also Commonwealth v. Young**, 280 A.3d 1049, 1057 (Pa. Super. 2022) (holding when there is a **Walker** defect in an appeal to which Pa.R.A.P. 902 applies, this Court's default position is to allow correction of the defect unless good cause is shown by the opposing party).

Appellant filed amended notices of appeal at Nos. 2221-2019 and 2222-2019—albeit beyond the 14-day time frame designated by this Court. On June 24, 2024, this Court issued an additional order at No. 2220-2019, directing Appellant to file an amended notice of appeal within 7 days. **See** Order, 6/24/24. This Court subsequently discharged the rule to show cause and referred the issue to the merits panel. This Court then *sua sponte* consolidated the appeals docketed at 983 and 984 EDA 2024 (Nos. 2221-2019 and 2222-2019), and listed the consolidated appeals consecutively to the appeal docketed at 982 EDA 2024 (No. 2220-2019). **See** Order, 8/30/24.

*(Footnote Continued Next Page)*

file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days—April 18, 2024. Counsel did not file a Rule 1925(b) concise statement, nor did he file a Rule 1925(c)(4) statement of intent to withdraw in lieu of a concise statement. Attorney McDermott filed a motion to withdraw in this Court on December 13, 2024.

Prior to addressing the instant appeal, we must consider Attorney McDermott's motion to withdraw. *See Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). "Counsel petitioning to withdraw from PCRA representation … must review the case zealously." *Id.* (citation omitted).

> The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, … then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit….

*Commonwealth v. Reed*, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted). Additionally, counsel must serve his client with the petition to withdraw and no-merit letter, and he must inform his client of his right to proceed *pro se* or retain private counsel. *See id.*

_____

Upon merits-panel review, this Court issued an order on May 13, 2025, granting Appellant a final opportunity to file an amended notice of appeal at No. 2220-2019. Appellant timely complied. We now consolidate the appeal docketed at 982 EDA 2024 (No. 2220-2019) with the previously consolidated appeals for disposition.

Here, the record confirms that Attorney McDermott served Appellant with a copy of his motion to withdraw and **Anders** brief—which, as we noted above, provides greater protection than a **Turner**/**Finley** no-merit letter. **See Widgins**, 29 A.3d at 817 n.2. In his motion to withdraw, Attorney McDermott stated he made a conscientious examination of the record. **See** Motion to Withdraw, 12/13/24, ¶ 2. Attorney McDermott additionally filed an **Anders** brief, in which he identified three issues Appellant wishes to raise concerning his guilty pleas. **See Anders** Brief at 5, 20-22. Attorney McDermott also provided to this Court a copy of the letter he sent to Appellant, advising Appellant of Attorney McDermott's intent to withdraw, and explaining Appellant's right to raise additional claims by proceeding *pro se* or by retaining private counsel.[9] Therefore, we conclude that Attorney McDermott complied with the procedural requirements of **Turner**/**Finley**.

However, as an additional matter, we must address Attorney McDermott's failure to comply with the PCRA court's concise statement order. In its Rule 1925(a) opinion, the PCRA court stated that Appellant filed an untimely concise statement on June 3, 2024.[10] Rule 1925(a) Opinion, 8/9/24,

_____

[9] Attorney McDermott did not attach a copy of this letter to his motion to withdraw as counsel. On December 16, 2024, this Court entered an order directing Attorney McDermott to provide a copy within 14 days. Order, 12/16/24. Attorney McDermott promptly complied.

[10] This Court has concluded that the "untimely filing of the [Rule] 1925 concise statement is the equivalent of a complete failure to file. Both are *per se*
*(Footnote Continued Next Page)*

- 8 -

at 1 (unnumbered).  However, no such concise statement appears in the certified record or on any of the three related trial court dockets.  Instead, Attorney McDermott filed a motion to withdraw and accompanying **Anders** brief *in this Court* on December 13, 2024, approximately eight months after the deadline for filing a concise statement or Rule 1925(c)(4) statement of intent to withdraw *in the PCRA court*.

> Pertinently, Rule 1925(c)(4) provides as follows:

> If counsel intends to seek to withdraw … in a post-conviction relief appeal pursuant to **Turner**/**Finley**, counsel **shall** file of record and serve on the judge a statement of intent to withdraw in lieu of filing a Statement.  If the appellate court believes there are arguably meritorious issues for review, those issues will not be waived; instead, the appellate court shall remand for the filing and service of a Statement pursuant to Pa.R.A.P. 1925(b), a supplemental opinion pursuant to Pa.R.A.P. 1925(a), or both.  Upon remand, the trial court may, but is not required to, replace an appellant's counsel.

Pa.R.A.P. 1925(c)(4) (emphasis added).  Thus, following the PCRA court's issuance of a Rule 1925(b) order in these cases, Attorney McDermott was required to either 1) comply by filing the court-ordered concise statement, or 2) file a statement of intent to seek withdrawal under **Turner**/**Finley**. **Commonwealth v. McBride**, 957 A.2d 752, 757 (Pa. Super. 2008); **see also** Pa.R.A.P. 1925(c)(4), Note (clarifying that the **Anders**/**Santiago** and

_____

ineffectiveness of counsel…." **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009) (*en banc*).

***Turner*/*Finley*** "procedures do not relieve counsel of the obligation to comply with all other rules.").

Moreover, while the PCRA court filed an opinion, it did not discuss the merits of any issues Appellant might wish to raise on appeal. The PCRA court stated simply that Attorney McDermott filed an untimely concise statement "rais[ing] the same PCRA issues claiming ineffective assistance of counsel against [Attorney Dolfman]." Rule 1925(a) Opinion, 8/9/24, at 1 (unnumbered).[11] The PCRA court then inexplicably concluded it was unable to review ineffectiveness claims at this juncture, and Appellant must instead raise them in a PCRA petition. ***Id.*** As the instant appeals are *nunc pro tunc* appeals from the PCRA court's dismissal of Appellant's first PCRA petition, in which he challenged plea counsel's ineffectiveness, this is the appropriate avenue for appellate review of the ineffectiveness claims.

In sum, Attorney McDermott did not file timely Rule 1925(b) concise statement on Appellant's behalf or a Rule 1925(c)(4) statement of his

---

[11] There is no indication that Appellant, through counsel, either sought or was granted permission to file a Rule 1925(b) concise statement, *nunc pro tunc*. Similarly, the PCRA court's opinion did not explicitly note Attorney McDermott's ineffectiveness in filing an untimely statement or permit Counsel to file a *nunc pro tunc* concise statement. ***See Commonwealth v. Stroud***, 298 A.3d 1152, 1157 (Pa. Super. 2023) (stating that where "counsel fails to file a Rule 1925(b) statement before the trial court files a Rule 1925(a) opinion, the opinion should note the ineffectiveness of counsel, permit counsel to file a statement *nunc pro tunc* and address the issues raised in a subsequent Rule 1925(a) opinion." (citing ***Commonwealth v. Thompson***, 39 A.3d 335, 341 n.11 (Pa. Super. 2012)).

intention to withdraw from representation in the PCRA court. In light of Attorney McDermott's failure to file a statement pursuant to our appellate rules, we cannot grant his motion to withdraw. *See McBride*, 957 A.2d at 758 ("[A]bsent the proper filing of any statement of record by counsel, this Court cannot properly consider counsel's request to withdraw."); *see also Commonwealth v. Bailey*, 2025 WL 523869, 829 EDA 2024 (Pa. Super. 2025) (unpublished memorandum at 7) (concluding "counsel's failure to file a statement pursuant to 1925(b) or (c) prevents us from granting his motion to withdraw."). Based upon the foregoing, we must remand for Attorney McDermott to file, at all three dockets, an appropriate statement under either Rule 1925(b) or (c)(4). *See Bailey*, 829 EDA 2024 (unpublished memorandum at 10) (in absence of statement under Rule 1925(b) or (c)(4), remanding for counsel to file an appropriate statement). Attorney McDermott shall file such statement within 15 days of the date of this memorandum. If Attorney McDermott chooses to file a Rule 1925(b) concise statement, the PCRA court shall, within 30 days of receipt, file a new Rule 1925(a) opinion. If Attorney McDermott files a statement of his intent to withdraw under *Turner*/*Finley*, the PCRA court need not prepare a new opinion.

Case remanded for further proceedings consistent with this memorandum. Panel jurisdiction retained.